[Civ. No. 26064. Third Dist. May 5, 1986.]

PACIFIC GAS AND ELECTRIC COMPANY, Petitioner, v.
THE SUPERIOR COURT OF TRINITY COUNTY, Respondent;
HAYFORK VALLEY PUBLIC UTILITY DISTRICT,
Real Party in Interest.

## COUNSEL

Wells, Wingate, Small & Graham, W. Leonard Wingate, Robert L. Bordon, Robert R. Rickett and Richard L. Meiss for Petitioner.

No appearance for Respondent.

William R. Neill, McDonough, Holland & Allen and Martin McDonough for Real Party in Interest.

## OPINION

**PUGLIA, P. J.**—Petitioner seeks writ review of the superior court's order overruling its demurrer to the eminent domain complaint of real party in interest. The sole issue we must decide concerns the proper construction and application of certain pleading requirements contained in the Eminent Domain Law. (Code Civ. Proc., § 1230.010 et seq., hereafter the Law.) We conclude that the complaint is fatally flawed, and the demurrer should therefore have been sustained without leave to amend.

Real party in interest Hayfork Valley Public Utility District (District) is a public entity. District commenced the underlying eminent domain action for the purpose of acquiring certain power transmission facilities located within its boundaries and owned by petitioner Pacific Gas and Electric (P.G.&E.). P.G.&E. is a California corporation. The complaint incorporates by reference the resolution of public need and necessity adopted by District's board of directors. The complaint and resolution reveal that the property sought to be condemned is presently devoted to public use, i.e., the distribution of electric power.

P.G.&E. demurred on the ground, among others, that District failed to comply with the requirements of the Law, specifically section 1240.610.[1] That section provides: "Any person authorized to acquire property for a

---

[1] All references to sections of an unspecified code are to the Code of Civil Procedure.

particular use by eminent domain may exercise the power of eminent domain to acquire for that use property appropriated to public use if the use for which the property is sought to be taken is a more necessary public use than the use to which the property is appropriated. *Where the property is sought to be acquired pursuant to this section, the complaint, and the resolution of necessity if one is required, shall refer specifically to this section.*" (Italics added.) ■ P.G.&E.'s demurrer points up District's failure to comply with the last sentence of section 1240.610, in that the complaint and incorporated resolution of necessity do not refer to the section.

In response to the demurrer, District argues that section 1240.610 is not applicable because condemnation of the P.G.&E. transmission facilities is not sought "pursuant" to that provision of the Law. Rather, District asserts, it seeks to acquire the property under section 1240.650, subdivision (a), which reads: "Where property has been appropriated to public use by any person other than a public entity, the use thereof by a public entity for the same use or any other public use is a more necessary use than the use to which such property has already been appropriated."

We need not burden this opinion with a resolution of the many arguments advanced by the parties in support of their respective positions. It is sufficient to note that both of the code sections quoted above are included within article 7 of chapter 3 of the Law, which is entitled "Condemnation For More Necessary Public Use" (see 19 West's Ann. Code Civ. Proc. (1982 ed.) p. 544). Article 7 contains a variety of provisions applicable to eminent domain actions in which the condemner seeks to acquire property already devoted to a public use. Section 1240.610 contains the operative language authorizing condemnation of such property. Any eminent domain action to acquire property already appropriated to public use is necessarily brought pursuant to its provisions. Section 1240.650, on the other hand, is in the nature of a conclusive presumption (see Evid. Code, § 601). It relieves the condemning public entity, in a case falling within section 1240.610, of the burden of proving that the use to which it desires to put the property is more necessary than the existing use. We agree with P.G.&E. that section 1240.650 is not a discrete source of authority to condemn.

Support for our conclusion is found in the Law and the accompanying comments by the concerned committee of the Senate. Article 4 of chapter 5 (§ 1250.310 et seq.) is entitled "Pleadings." Section 1250.310 itself sets forth minimum requirements for eminent domain complaints. Subdivision (d)(3) of that section requires that the complaint include a "reference to the statute that authorizes the plaintiff to acquire the property by eminent domain." The Senate committee's comment to that section states, in pertinent part: "Additionally, if the condemnor is acquiring property under

authority of certain general public uses, it must specify that authority. E.g., Sections 1240.220 (taking for future use), 1240.320–1240.350 (condemnation for exchange purposes), 1240.420 (excess condemnation), 1240.510 (taking for compatible use), and 1240.610 (taking for more necessary public use)." (19 West's Ann. Code Civ. Proc. (1982 ed.) § 1250.310, at p. 651.) We note that the committee did not identify section 1240.650 as an authorizing section.

We hold that the trial court erred in overruling the demurrer. However, we reject P.G.&E.'s contention that leave to amend should be denied. Notwithstanding the failure of the current resolution of public need and necessity to comply with the requirements of section 1240.610, the District's board of directors may still take steps to correct that deficiency. (§ 1245.255, subd. (c).) If that is accomplished, the District may apply to the superior court for permission to file an amended complaint. (§ 1250.340.)

■ We have notified the parties that we were considering the issuance of a peremptory writ without first issuing an alternative writ and have given them an opportunity to file opposition. Having considered District's opposition submitted in response to that notice, we are authorized to issue a peremptory writ of mandate without first issuing an alternative writ. (*Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a peremptory writ of mandate issue directing respondent superior court to vacate its order overruling P.G.&E.'s demurrer, and to enter an order sustaining that demurrer with leave to amend. Upon finality of this decision, the stay previously issued is vacated.

Blease, J., and Sims, J., concurred.

A petition for a rehearing was denied June 4, 1986, and the opinion and judgment were modified to read as printed above.